Per Curiam.

This disciplinary proceeding was instituted against the respondent in the year 1942. In 1945, a supplemental' petition was filed charging respondent with additional acts of misconduct. Orders were entered in 1942 and 1945 appointing a referee to take proof. However, after the hearings but before reporting, the official referee died. Thereafter, and on December 30,1946, another referee was appointed. Hearings have been held and report made to this court.
Four charges of professional misconduct were lodged against the respondent. The first alleged that respondent as attorney for an executor, violated an agreement governing his fee. The second indicts the respondent as improperly, illegally and without authority assuming to collect, as attorney, a judgment in *243 favor of one totally unknown to him. The third charge asserts that the respondent, as attorney for an unsecured creditor in a bankruptcy proceeding, attempted by cajolery and threat to induce the attorney for the bankrupt to become party to an illegal adjustment. The fourth charge is similar in nature to the third.
The Official Referee has reported that “ The petitioner’s proof of each and every one of the four charges seems more persuasive than respondent’s denial. The denial of respondent’s applications in each of these matters and his contradictory attitude in the prosecution of the Morrison and Kemler matters particularly not only are unsatisfactorily explained by him, but obviously attest unprofessional conduct.”
The respondent’s defense, as the Official Referee noted, consisted of “ personal attacks on the character and veracity of all who spoke of him derogatorily. ” “ Not only laymen, but five members of the legal profession are branded by him as discredited practitioners and unworthy of credence.” Before this court the respondent persists in his claim that he has been the victim of manufactured offenses. Added to the list of those accused of “bitterness ” toward respondent, is the reporting Official Referee, who is attacked as misstating the charges against the respondent.
The report of the Official Referee is fully sustained by the testimony and the documentary evidence. The respondent has demonstrated that he has no conception of the ethics expected of a member of the Bar. He should be disbarred.
Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ., concur.
Respondent disbarred.